IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRION BROWN #Y18158,<br><br>              Plaintiff,<br><br>v.<br><br>AGNEW,<br>PINCKNEYVILLE MAINTENANCE,<br>WARDEN,<br>IDOC,<br>JANE AND JOHN DOES, and<br>PINCKNEYVILLE CORRECTIONAL CENTER,<br><br>              Defendants. | Case No. 24-cv-01213-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Darrion Brown, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Second Amended Complaint is now before the Court pursuant to 28 U.S.C. §1915A, which requires the Court to review prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. §1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F. 3d 816, 821 (7th Cir. 2009).

### THE SECOND AMENDED COMPLAINT

Plaintiff alleges that on January 22, 2024, he slipped and fell on the ice while leaving 5

House. (Doc. 17, p. 9). He states that Correctional Officer Agnew walked across the icy patch before him, noticed the ice and slipped himself, but did not direct Plaintiff to walk on the grassy area rather than the concrete or warn Plaintiff about the ice. Plaintiff informed Agnew that walking on the ice was not safe and that if he slipped and fell then he would file a civil lawsuit. (*Id.*). Because of the fall, Plaintiff has continuing severe head, neck, chest, and back pain. He states that John and Jane Doe staff members have not responded to his serious medical needs. (*Id.*).

Plaintiff also claims that while a Pinckneyville Correctional Center he has experienced mistreatment and been subjected to continual harsh conditions. (Doc. 17, p. 10). These unlawful conditions and conduct include but are not limited to (1) being provided inadequate food; (2) failure to preserve camera footage; (3) not being given a fair opportunity to obtain a job; (4) inadequate access to the law library; (5) denial of medical care; (6) being subjected to constant lockdowns; (7) being issued fabricated disciplinary tickets; (8) the opening of legal mail and the withholding of mail; (9) being "kick out of school without a ticket;" (10) being housed in an aggressive and dangerous environment; (11) the denial of cleaning supplies; (12) mistreatment by racist correctional officers; (13) not being provided emergency buttons in the cells; (14) repeatedly being wrongfully sent to segregation; (15) being denied toiletries; (16) being refused crisis watch; (17) the lack of the ability to refuse housing due to imminent danger; and (18) failure to respond to grievances.

**PRELIMINARY DISMISSALS**

In the Second Amended Complaint, Plaintiff has pled a laundry list of issues that have occurred during his time at Pinckneyville. As described above, these issues range from the mishandling of mail to being denied adequate food. Plaintiff places this list of allegations under the heading "Claim 3 (8th Amendment Cruel and Unusual Punishment based on totality of conditions)" and asserts these claims against "John and Jane Doe Defendants." (Doc. 17, p. 10).

Not only are these claims improperly joined with each other and in this case,[1] but they are pled against a vague, indefinite number of unknown individuals and are dismissed without prejudice.

While a plaintiff may use the "John Doe" designation to refer to specific individuals whose names are unknown, a plaintiff will run afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that groups of staff members violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Plaintiff must make plausible allegations against an individual by describing the "who, what, why, where, and how" that form the basis of the claim against that person, even if he does not know the person's name. Because the Second Amended Complaint does not describe the John and Jane Doe Defendants nor their conduct as it pertains to the list of allegations in "Claim 3," and because the claims violate the rules of joinder, John and Jane Doe Defendants and the claims against them as described in "Claim 3" are dismissed without prejudice. *See* FED. R. CIV. P. 8, 21.

Because Claim 3 is dismissed, the request for preliminary injunction associated with this claim is **DENIED**. (Doc. 17, p. 11-12). The Motion for Status seeking an update of the request for preliminary injunction included in the Second Amended Complaint is **DEEMED MOOT** in light of this Order. (Doc. 20).

The Court also dismisses all claims against Pinckneyville Correctional Center and IDOC. Neither entity is a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Nor can a state agency be sued for prospective injunctive relief

---

[1] Plaintiff's First Amended Complaint was stricken based on improper joinder. (Doc. 16). In striking the First Amended Complaint, Plaintiff was advised that various forms of misconduct and mistreatment that arise from distinct transactions and occurrences cannot proceed together in one lawsuit. (Id. at p. 3). He was warned by the Court that if he attempted to bring unrelated claims against different groups of defendants in the same complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss the claims.

in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

## DISCUSSION

After dismissing the claims as alleged in "Claim 3," that leaves Plaintiff's claims relating to his slip and fall incident on January 22, 2024.[2] For the reasons previously stated by this Court in the original Merit Review Order, Plaintiff has failed to state a claim for relief based on the icy conditions at Pinckneyville and the failure to provide him medical treatment for his injuries. (Doc. 11, p. 2-3).

The Eighth Amendment protects inmates from "the wanton and unnecessary infliction of pain, including both hazardous prison conditions and grossly inadequate medical care." *Pyles v. Fahim,* 771 F. 3d 403, 408 (7th Cir. 2014) (internal citations and quotations omitted). Prison officials are not, however, required to maintain a "maximally safe environment." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (citing *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001)). An icy unkept sidewalk does not "suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under §1983." *Smith v. Luth,* No. 14-cv-01030-NJR, 2014 WL 5334273, at *3 (S.D. Ill. Oct. 20, 2024).

Furthermore, the facts as pled do not allow the reasonable inference that Defendants knew that there was a substantial risk of serious harm posed by the ice. In a supplement to the Second Amended Complaint, Plaintiff argues that he has established a culpable state of mind on the part of Defendants because he pointed out the icy ground to Agnew and the Warden (*see* Doc. 18, p. 3), but was ordered to "go to school" anyway or he would be placed in segregation for disobeying a direct order. He states that when someone, who does not have the ability to disobey an order, is

---

[2] Plaintiff designates these claims as Claims 1 and 2.

"severely hurt under a direct order" because of an obvious hazardous condition, that amounts to deliberate indifference. The fact that Plaintiff was seriously injured from his fall on the ice "does not come into play when evaluating whether the [Defendants] showed deliberate indifference. The question is whether the situation posed a substantial risk of serious harm, measured on the front end." *Willis v. Pfister,* No. 18-cv-333, 2024 WL 216672, at *13 (N.D. Ill. Jan. 19, 2024). Although Plaintiff tries to describe the icy conditions as an obvious and substantial risk, the facts do not allow the Court to make that inference. Plaintiff asserts that Agnew "caused" him to slip and fall because Agnew failed to warn him of the unknown danger, after Agnew walked across the ice himself, slipped, but did not fall. As the Northern District has observed:

> Snow and ice are a fact of life for those who spend winter in the Midwest. Any minor hazards posed by walking through an ice- or snow-covered path—a walk on which the escorting officer apparently joined the prisoners—did not amount to the type of "excessive risk" to inmate "health and safety" that the Eighth Amendment proscribes.

*Boclair v. Baldwin,* 2017 WL 6813694, at *3 (N.D. Ill. Apr. 28, 2017). Agnew's failure to warn Plaintiff of the ice or direct Plaintiff to walk in a different area after walking on the path himself, the Warden's order for Plaintiff to attend school despite the icy concrete, and failure to salt the concrete by John Doe Maintenance, at most, amounts to negligence. But negligence, even gross negligence, is not sufficient to support an Eighth Amendment claim. Therefore, Plaintiff's Eighth Amendment claim for a hazardous condition of confinement against Agnew, John Doe Maintenance, and the Warden is dismissed.

The Court also dismisses Plaintiff's claim regarding inadequate medical care. Plaintiff asserts that "John and Jane Doe Defendants along with prison officials showed deliberate indifference to [his] medical needs by: failing to respond or not responding at all to [his] serious medical needs…intentionally denying or delaying access to treatment…[and] interfering with superior orders and/or teachings or their own knowledge on how to adequately provide medical

care." (Doc. 17, p. 9). These allegations are conclusory and not asserted against any individual. The Court does "not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements," *Brooks v. Ross,* 578 F. 3d at 581, and, as discussed above, Plaintiff must describe the acts or omissions of individuals. He must do more than state that a group of staff members harmed him. *See Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## LEAVE TO AMEND

Because Plaintiff claims that has not received medical attention for the significant injuries sustained from falling on the ice, he will be afforded one last opportunity to amend his pleading. The amended complaint shall be limited to his allegations that since his fall on January 22, 2024, medical care for his injuries has been delayed and/or denied. (Doc. 17, p. 9). When repleading these allegations, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how…"). As much as possible, he should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that person. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). Finally, Plaintiff is advised that there is no *respondeat superior* liability under Section 1983. An individual cannot be held liable solely because of his or her supervisory position.

Plaintiff is warned that if he attempts to plead additional claims in his amended complaint,

those claims will be subjected to dismissal or severance. *See George v. Smith,* 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

### DISPOSITION

For the reasons set forth above, the Second Amended Complaint (Doc. 17) is **DISMISSED without prejudice** for failure to state a claim for relief.

Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **December 2, 2024.** Should Plaintiff fail to file a Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff file a Third Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Third Amended Complaint" and use the case number for this action (No. 24-cv-01213-SPM). The **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The Third Amended Complaint must stand on its own, without reference to any previous pleading. The Third Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14

days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   October 31, 2024**

                                                          *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**