IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRION BROWN,<br><br>        **Plaintiff,**<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS,<br>C/O SMITH,<br>PINCKNEYVILLE CORRECTIONAL<br>CENTER, and<br>JOHN AND JANE DOE DEFENDANTS,<br><br>        **Defendants.** | Case No. 24-cv-01213-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Darrion Brown, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center (Pinckneyville), initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 1). Although this case was initiated on May 3, 2024, Plaintiff has failed to file a successful pleading. The original Complaint was dismissed for failure to state a claim, and the First Amended Complaint was stricken for improper joinder of parties and claims. (Doc. 11, 16).

  On October 31, 2024, the Court dismissed the Second Amended Complaint. (Doc. 21). In dismissing the Second Amended Complaint, the Court found that Plaintiff was again attempting to bring unrelated defendants and claims in a single suit and dismissed the laundry list of claims brought against the John and Jane Doe Defendants alleged in Plaintiff's designated "Claim 3" *See* FED. R. CIV. 8, 21. Furthermore, the Court ruled that Plaintiff had failed to state an Eighth Amendment claim based on the icy conditions at Pinckneyville that caused him to slip and fall on

January 22, 2024, and failed to state an Eighth Amendment claim for the denial of adequate medical care for the injuries sustained by falling on the ice. Plaintiff was allowed one last opportunity to file an amended complaint. (*Id.* at p. 7). The claims in the amended complaint, however, were to be limited to Plaintiff's allegations that he had been delayed and/or denied medical care for injuries sustained when he slipped and fell on ice at Pinckneyville. (*Id.* at p. 6).

On November 26, 2024, the Court received Plaintiff's Third Amended Complaint. (Doc. 24). In the Third Amended Complaint, dated October 8, 2024, Plaintiff does not put forth allegations concerning the delay or denial of medical, as instructed. Rather, he alleges that he has wrongfully been placed on C-grade status resulting in unconstitutional restrictions on video visits, telephone usage, and the ability to exhaust legal remedies. (*Id.* at p. 5). He seeks compensatory and punitive damages and a preliminary injunction.

Along with the Third Amended Complaint, the Court received a letter from Plaintiff explaining that he gave the Third Amended Complaint to Pinckneyville staff for filing before the Court issued its Merit Review Order of the Second Amended Complaint giving him instructions to limit his claims to the denial of medical care for his injuries sustained when he fell on the ice. He states that he no longer wishes to litigate his unconstitutional medical care claims in this case, as he has filed a civil suit in state court relating to those allegations. Plaintiff requests for the Court to let him proceed with the Third Amended Complaint as written, and if not, he would like "to voluntarily dismiss [his] complaint w/o prejudice and just wait until release to file it." (Doc. 26). He also asks that if the Third Amended Complaint does not "raise a question of law" then he would be allowed "one last amendment." (*Id.*).

Although the Third Amended Complaint does not comply with the Court's order limiting Plaintiff's allegations to denial or delay of medical care, the Court will allow the pleading. The institutional stamp and writing on the Third Amended Complaint indicate that the pleading was

received by Pinckneyville staff on October 9, 2024, before the Court issued its Merit Review Order on October 31, 2024, limiting Plaintiff's claims. It is not clear why the Court did not receive the Third Amended Complaint until 48 days later. As the miscommunication and the delay in filing appears to be due to no fault of Plaintiff's, his request to prosecute his claims as stated in the Third Amended Complaint is granted.

The Third Amended Complaint is now before the Court pursuant to 28 U.S.C. §1915A, which requires the Court to review prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. §1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F. 3d 816, 821 (7th Cir. 2009).

## DISCUSSION

In the Third Amended Complaint, Plaintiff alleges that he is being deprived of his First Amendment right to access the telephone. (Doc. 24, p. 5). He states that he was issued a fabricated disciplinary ticket that has resulted in a lengthy C-grade status designation. Because of his status, he has not been allowed phone calls or video visits. He also has been unable to seek or exhaust his legal remedies.

Plaintiff has failed to cure the deficiencies of his previous complaints and again, has not stated a claim against any of the named defendants. First, the Illinois Department of Corrections (IDOC) and Pinckneyville Correctional Center are not "persons" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Nor can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

Second, there are no allegations against Correctional Officer Smith or any John or Jane Does in the statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. See *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, because Plaintiff brings his claims under Section 1983, he must allege that *each* defendant, as opposed to a countless group of defendants, was personally involved in the deprivation of a constitutional right. *Matz v. Klotka,* 769 F. 3d 517, 528 (7th Cir. 2014). Because IDOC and Pinckneyville are not suable entities, and there is no description of any conduct on the part of the other Defendants Smith and individual John and Jane Does, the Third Amended Complaint will be dismissed.

Plaintiff has had four opportunities to decide what claims to prosecute and to file a complaint that comports with the federal pleading standards and has failed. Any further amendments would be futile, and Plaintiff will not be allowed to "repeatedly refashion his pleadings through a trial and error process." *Schmitz v. Haugland,* No. CV 07-01H-DWM-RKS, 2007 WL 1593077, at *1 (D. Mont. May 31, 2007); *Crews v. Wetzel,* No. 18-cv-25-KRG-KAP, 2018 WL 6249926, at *1 (W.D. Penn. Oct. 12, 2018) ("It is certainly inequitable to allow trial and error pleading."). Accordingly, Plaintiff will not be granted leave to amend, and the entire case is dismissed. See *Zimmerman v. Bornick,* 25 F. 4th 491, 494 (7 Cir. 2022) (amendment would be futile or otherwise unwarranted when "a plaintiff has already had multiple chances to cure deficiencies."). However, because Plaintiff expresses his desire to litigate his new claims regarding

telephone and visitor restrictions at a later date once he is released from custody, the claims in the Third Amended Complaint are dismissed without prejudice.

## DISPOSITION

For the reasons stated above, the Third Amended Complaint and this entire action are **DISMISSED** for failure to state a claim upon which relief may be granted. Because the case is dismissed, all pending motions, including the Motion for Preliminary Injunction (Doc. 25), are **DENIED as moot.**

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   February 26, 2025

                                          _s/Stephen P. McGlynn_
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**